# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK MCQUILLEN,

    Petitioner,

vs.

E. K. MCDANIEL , et al.,

    Respondents.

3:04-cv-0608-LRH-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#33) for a certificate of appealability (COA). Petitioner is seeking to appeal the Court's dismissal of the petition with prejudice as time-barred and on the basis of procedural default.

When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

On the showing made by petitioner, the Court finds that the application for a certificate of appealability should be denied.

Petitioner contends that jurists of reason would find it debatable whether his bipolar disorder provided a basis for equitable tolling of the federal limitations period and whether his condition established good cause for the procedural default of his claims in state court on the basis of timeliness.

In opposition to the respondents' motion to dismiss, petitioner presented a stack of medical records and a conclusory claim and unsworn statement by counsel that petitioner was prevented from timely filing the state and federal petitions by a bipolar condition that took "some time" to stabilize. The Court reviewed the medical records tendered in opposition to the motion to dismiss and concluded that, as a matter of law, the medical evidence refuted rather than supported this conclusory and unsworn statement.

The Court's analysis of the equitable tolling issue included the following:

> Indeed, even if the Court were to ignore the absence of supporting evidence in all that transpired before, the final twenty month period prior to the filing of the federal petition undeniably is fatal to petitioner's claim of equitable tolling. Petitioner consistently presented as stable and functioning adequately on medication during this more than one year period, the same clinical profile as when he pursued state post-conviction relief; and the medical records for this period thus refute rather than support any allegation that petitioner's condition prevented him from filing a federal petition within one year of the conclusion of the state proceedings.
>
> The Court accordingly holds that, as a matter of law, the medical record relied upon by petitioner does not establish a basis for either equitable tolling or an evidentiary hearing on the issue. The petition is time-barred.

#30, at 11 (footnote omitted).

The Court further concluded with regard to procedural default:

> Assuming, *arguendo*, that a mental health condition may in an appropriate case constitute an external and objective factor impeding a petitioner's efforts to comply with a state's procedural rule, this case is not such a case. The medical records reviewed and discussed in the preceding sections refute rather than support the conclusory and unsworn claim by petitioner's federal habeas counsel that petitioner's bipolar condition prevented him from filing a timely state petition. In particular, over and above the other records reviewed, the medical records reflecting that petitioner was stable and functioning adequately on medication for more than two years prior to the filing of the state petition wholly belie the claim of cause for failure to file a timely state petition.

> The Court accordingly holds that, as a matter of law, the medical record relied upon by petitioner does not establish a basis for either cause for his procedural default or an evidentiary hearing on the issue. The petition is procedurally defaulted.

#30, at 12.

The Court concluded with the following:

> Finally, the Court notes that its detailed discussion of the medical records does not signify that a substantial factual issue is presented requiring an evidentiary hearing. The Court was presented with a conclusory and unsworn statement by counsel that petitioner was prevented from timely filing the state and federal petitions by a bipolar condition that took "some time" to stabilize. The Court's detailed review of the medical records establishes not that a substantial question of fact is presented but instead that the medical evidence contradicts rather than supports the conclusory assertion made. An evidentiary hearing accordingly is not warranted herein on either equitable tolling or procedural default.

#30, at 12.

In the COA application, petitioner's counsel merely reasserts the same conclusory statement that petitioner was prevented from timely filing the state and federal petitions by a bipolar condition that took some time to stabilize. The COA application supports the claim that the condition "took some time to stabilize" with only a "see generally" citation to the over three hundred page stack of records reviewed by the Court. The COA application does not contain any particularized discussion of any portion of the medical records allegedly supporting counsels conclusory statement, even after this Court reviewed the entire record in detail and rejected the petitioner's position expressly on the basis that the medical record refuted rather than supported counsel's conclusory statement.

At bottom, the continued repetition of a conclusory unsworn statement does not give rise to a basis for a debatable issue among jurists of reason. Cases in the final analysis must be decided based upon their facts, and the factual record in this case belies rather than provides any support for the conclusory assertion made.

The Court accordingly finds that the COA application fails to carry petitioner's burden of demonstrating that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

1          IT THEREFORE IS ORDERED that petitioner's application (#33) for a certificate of
2   appealability is DENIED.
3          DATED this 7th day of November, 2006.

                                                        _____
                                                        LARRY R. HICKS
                                                        UNITED STATES DISTRICT JUDGE